**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4872-15T4

LAUREEN COLE-PARKER,

    Plaintiff-Appellant,

v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

    Defendant-Respondent,

and

STATE OF NEW JERSEY,

    Defendant.

_____

        Argued November 29, 2017 — Decided July 9, 2018

        Before Judges Fuentes, Koblitz and Manahan.

        On appeal from Superior Court of New Jersey,
        Law Division, Monmouth County, Docket No. L-
        4276-15.

        Mark J. Molz argued the cause for appellant
        (Law Office of Mark J. Molz, attorneys; Mark
        J. Molz, on the brief).

        Hugh A. Keffer argued the cause for respondent
        (Fidelity National Law Group, attorneys; Hugh
        A. Keffer, on the brief).

PER CURIAM

On November 17, 2015, plaintiff Laureen Cole-Parker filed a civil action in the Law Division in Monmouth County against defendant Fidelity National Title Insurance Company (Fidelity), as the successor of Lawyers Title Insurance Corporation, seeking indemnification under a title insurance policy issued on February 11, 2004. The matter came before Judge Katie A. Gummer on April 29, 2016, to consider plaintiff's motion for leave to amend the complaint and Fidelity's cross-motion for summary judgment.

After considering the arguments of counsel, Judge Gummer allowed plaintiff to submit a revised amended pleading and adjourned the disposition of Fidelity's cross-motion for summary judgment. Plaintiff submitted the revised amended complaint on May 3, 2016. Two days later, Fidelity responded, arguing the court should grant its motion and dismiss plaintiff's complaint as a matter of law under the six-year statute of limitations applicable to causes of action predicated on breach of contract claims. N.J.S.A. 2A:14-1.

In an oral decision delivered from the bench on June 1, 2016, Judge Gummer reviewed plaintiff's factual allegations and legal arguments, and noted that despite the dipositive nature of Fidelity's argument, "[p]laintiff failed to address that argument in her opposition, and effectively then waived any argument

thereto." Judge Gummer then provided the following explanation for granting Fidelity's motion for summary judgment:

> Noting that a six[-]year statute of limitation[s] applies to a breach of contract . . . claim . . . , [see] N.J.S.A. 2A:14-1, and given that this contract was issued in 2003, and that plaintiff was apparently aware of an issue with [the] title such that she filed the lawsuit against her real estate attorney in 2006, the [c]ourt finds that the statute of limitation[s] bars her claim.

In this appeal, plaintiff argues Judge Gummer erred in denying a motion to amend the complaint, Fidelity's cross-motion for summary judgment was not ripe, and the six-year statute of limitations does not bar plaintiff's claims. We reject these arguments and affirm substantially for the reasons expressed by Judge Gummer in her June 1, 2016 oral decision. We add only the following brief comments.

We review a trial court's decision to grant summary judgment de novo, using the standards codified in Rule 4:46-2(c) and refined by the Court in Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The following core facts are not disputed. Plaintiff purchased this property from her sister in 2003. Nine months earlier, the State of New Jersey docketed a judgment against plaintiff in the amount of $7270.63. The judgment created a lien on the property.

The attorney who represented plaintiff in the purchase of this property retained Lawyers Title Insurance Corporation, now Fidelity, to determine whether there were any encumbrances or other claims recorded against the property. The judgment search performed on November 7, 2003 by the title company revealed only the 2003 judgment. Plaintiff's counsel ordered a payoff settlement from the State and escrowed the funds necessary to pay off the judgment and cleared the title. Counsel submitted these funds to the State. Unfortunately, the State did not issue a satisfaction of judgment document suitable for recording in the County Register of Deeds.

The title policy issued by Fidelity excludes title risks "created, allowed, or agreed" by the holder, and that are known to the holder but not Fidelity on the policy date unless they appeared in the public records. The policy specifically identified this judgment lien and stated that it did not cover "loss, costs, attorneys' fees and expenses" resulting from it. Plaintiff signed and acknowledged this exclusion. Of particular relevance here, Judge Gummer found:

> Plaintiff signed an affidavit of title to Fidelity, [(1)] admitting the State's judgment was against her and not against another person with the same name; and [(2)] promising . . . that her mortgage company would receive a first lien on the property.

A-4872-15T4

. . . .

> According to a search performed by Fidelity on [New Jersey's Automated Case Management System] for other claims filed by plaintiff, plaintiff filed a lawsuit in 2006 against her real estate attorney and his firm accusing them of failing to forward funds to the State to pay the judgment. That lawsuit was resolved.

These uncontested facts show plaintiff's complaint against Fidelity filed on November 17, 2015 is barred by the six-year statute of limitations applicable to all claims based on breach of contract. N.J.S.A. 2A:14-1. Plaintiff did not contest this dispositive legal issue in response to Fidelity's summary judgment motion. Judge Gummer correctly noted plaintiff's failure to dispute this issue. Plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION